**UNITED STATES of America,**

v.

**Adam DEAN, Defendant ·**

**No. 00–CR–50–B–S.**

United States District Court,
D. Maine.

April 2, 2001.

---

208

Michael D. Love, U.S. Attorney's Office, Bangor, ME, for U.S.

Walter F. Mckee, Lipman & Katz, Augusta, ME, for Adam Dean.

## ORDER ON DEFENDANT'S MOTION IN LIMINE CONCERNING CHILD PORNOGRAPHIC IMAGES

SINGAL, District Judge.

Pending before the Court is Defendant's Motion in Limine Concerning Child Pornographic Images (Docket #30). For the reasons described below, the Motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

Defendant Adam Dean is charged in a three count indictment with receipt, possession and transportation of child pornography via computer in violation of 18 U.S.C. § 2252A(a). According to defense counsel's representations, Mr. Dean's defense in this case is, in short, that he did not knowingly possess child pornography. Rather, Defendant asserts that his AOL account was hacked and that he was unaware that files containing child pornography were attached to various unsolicited e-mails he received.

With a jury trial set to start on Monday, April 2, 2001, the Court held a conference of counsel on Friday morning March 30, 2001. Shortly before the conference, Defendant filed the pending Motion. At the conference, the Court gave the Government an opportunity to respond orally to

Defendant's Motion. Additionally, in light of the exhibits provided to the Court by the Government, there was extensive conversation regarding the handling of various pornographic images depicting minors contained in Government Exhibits 3a–3t (the "Series 3 Exhibits") in light of their probative value as well as their potentially prejudicial effect.

The parties previously proposed a stipulation that "Government Exhibits 3a through 3t are, or appear to be visual depictions of minors engaging in sexually explicit conduct." (Proposed Stipulation # 7.) In other words, the parties proposed to agree that the relevant Government exhibits fit within the statutory definition of child pornography. *See* 18 U.S.C. § 2256(8). At conference, the Government argued that introduction of the images was still necessary to establish beyond a reasonable doubt that the Defendant, in fact, *knew* that the images involved were child pornography. In response, defense counsel suggested that although Defendant maintains that he did not knowingly possess the porno graphic images, Defendant would be willing to enter into another stipulation that if Adam Dean had intentionally possessed Government Exhibits 3a–3t, he would have known that those exhibits were, in fact, child pornography.

The Government rejected Defendant's proposed stipulation and filed a response to Defendant's Motion. In response to the parties' failure to reach agreement on a stipulation, the Court held a phone conference with the parties late Friday afternoon on March 30, 2001, to rule on the admissibility of the Series 3 Exhibits. During this conference held on the record, the Court gave both parties an opportunity to be heard on the issue of admission or exclusion of these images.

## II. DISCUSSION

### A. Series 3 Exhibits

To allow both sides ample opportunity to prepare for trial, the Court issued an oral ruling during the March 30th telephone conference excluding Government Exhibits 3c, 3e, 3f, and 3g but allowing the Government to present the remaining pornographic images contained in the Series 3 Exhibits. At that time, the Court informed the parties that it would issue a written ruling supplementing and clarifying its oral ruling. In accordance with that statement, the Court explains the basis for its ruling below.

### 1. Rule 403: Weighing the Evidence against Defendant's Offer to Stipulate

Defendant's argument for excluding the images at issue relies on Rule 403. In short, Defendant contends that allowing the jury to view "highly inflammatory images that depict naked children engaged in sexual acts" is unduly prejudicial in light of the proffered stipulations. (Def. Mot. in Limine at 1 (Docket # 30).) Moreover, with the stipulation in place, Defendant argues that the pictures themselves have no probative value. (*See id.*)

In response, the Government relies on the recent Supreme Court decision *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), for the proposition that the prosecution is generally entitled "to prove its case free from any defendant's option to stipulate the evidence away." *Id.* at 189, 117 S.Ct. 644. *See also United States v. Tavares*, 21 F.3d 1, 3 (1st Cir.1994) ("The prosecution ordinarily may not be forced to eliminate gruesome details of a killing, the quantity of drugs, or the degree of malevolence exhibited by the defendant through a defense-proffered stipulation.") In *Old Chief*, a majority of the Supreme Court endorsed an exception to this general rule when a

defendant seeks to stipulate to a previous felony conviction. Under those circumstances when a defendant's status as a convicted felon is at issue, the Court held that a district court abuses its discretion when it allows the Government to introduce the full record of judgment related to a defendant's prior felony conviction rather than limit the evidence to the proposed stipulation regarding the defendant's status as a convicted felon. *See id.* at 174, 117 S.Ct. 644. In declaring this exception to the general rule, the Court emphasized that a felony conviction is a status element that is not part of the prosecutorial narrative. *See id.* at 186, 117 S.Ct. 644. Additionally, the Court discussed the potential for details surrounding a previous felony conviction to cause the jury to convict the defendant based on prior bad acts that the jury takes as propensity evidence. *See id.* at 180–83, 117 S.Ct. 644.

■ Comparatively, the evidence that Mr. Dean seeks to stipulate away from the jury here does not involve a status element. It is the Government's burden to prove that the images at issue fit within the legal definition of child pornography and to prove that Mr. Dean knew that the images he possessed were child pornography. Mr. Dean claims that he did not knowingly possess the images contained in the Series 3 Exhibits. Apparently, at trial he will maintain that he never has viewed

some or all of these images. Meanwhile, the Government will present forensic evidence that the images were viewed on Dean's computer and that at least some of the images were viewed on multiple occasions. In this context the images are undoubtedly a powerful part of the Government's narrative.[1] *See United States v. Hay*, 231 F.3d 630 (9th Cir.2000) (affirming district court's decision to allow jury to view three pornographic images during deliberations that "reflected [the defendant's] personal involvement"); *United States v. Campos*, 221 F.3d 1143, 1149 (10th Cir. 2000) (upholding district court's decision to allow jury to view two pornographic images despite the defendant's offer to stipulate).

Moreover, unlike the prior felony in *Old Chief*, the images do not serve as improper propensity evidence, rather they are the key to the charges brought by the Government. *See id.* at 189, 117 S.Ct. 644 (explaining the difficulty of asking jurors "to rest a momentous decision" on "a story interrupted by gaps of abstraction"). That said, the Court recognizes that these graphic images have the potential to ignite strong feelings in anyone who views them, including the jury. However, the Court believes that the manner in which it has directed the exhibits to be presented as well as a cautionary instruction can prevent improper influence on the jury.[2]

---

1. The role of the images in the Government's narrative is clear upon review of the Government's proffered computer presentation, developed by the prosecution's expert witness. Utilizing the "Power Point" computer program, this presentation will correlate the Series 3 Exhibits with the Government's forensic examinations to build a circumstantial case that Defendant did, in fact, view the images and, therefore, did knowingly possess child pornography. (*See* Gov't Ex. 13.) *Cf. United States v. Merino–Balderrama*, 146 F.3d 758 (9th Cir.1998) (finding that district court's decision to allow jury to view pornographic

films was unduly prejudicial in light of the fact that the Government already had introduced the films' box covers and there was no evidence that the defendant ever had viewed the films).

2. The Court has directed the Government to present the sixteen admissible Series 3 Exhibits in opaque envelopes. During deliberations, the jury will be given an opportunity during deliberations to view the images. However, in open court the images will be referred to by exhibit number and the genital portions of the exhibits will be blocked out.

With these protective measures in place, the Court believes the Series 3 Exhibits are not unfairly prejudicial.

The Court pauses to note that it has struggled with the number of images the Government seeks to present and considered whether to further limit the number of images. However, having reviewed Government Exhibit 4, the Court notes that the sixteen images deemed admissible represent a small portion of the images found in Defendant's home that appear to qualify as child pornography.[3] Moreover, the number of images along with the forensic examination accompanying each image is relevant given that Defendant seeks to argue that his possession was unknowing or simply by mistake.

### 2. Exclusion of Exhibits 3c, 3e, 3f & 3g

■ Although the parties proposed a stipulation agreeing that all of the Series 3 Exhibits depict minors engaged in sexually explicit conduct, the Court finds that Exhibits 3c, 3e, 3f and 3g do not fit within the statutory definition of child pornography. Although the persons depicted in these specific exhibits appear to be minors, the images do not depict sexual intercourse, masturbation, bestiality, or sadistic or masochistic abuse. *See* 18 U.S.C. § 2256(2)(A)-(D).

Thus, the Court is left to consider whether the images contain a lascivious exhibition of the genitals. *See United*

States *v.* Amirault, 173 F.3d 28, 31 (1st Cir.1999) (laying out a list of factors to be considered when determining whether an image constitutes a "lascivious exhibition of the genitals and pubic area.") All of the minors depicted in these exhibits are nude. However, nothing else about these particular exhibits (i.e., location or pose) is sexually suggestive and the genitals are not the focal point of the pictures.[4] On the basis of this preliminary determination by the Court pursuant to Rule 104, the Court excludes these exhibits. Alternatively, these four nonessential, questionable photos are not particularly probative, and by excluding them the Court has attempted to limit the presentation of cumulative evidence and strike the appropriate balance pursuant to Rule 403.

### B. Government Exhibit 4

■ The Government also wishes to introduce into evidence Government Exhibit 4, which consists of thumb-nail size reproductions of approximately 370 pornographic images, about a third of which are illegal child pornography and the remaining portion being adult pornography. The Government offers this exhibit to show that Defendant would have opened and viewed child pornography in the course of attempting to view the collection of adult pornography also allegedly found to be in his possession. Thus, the Government contends that Government Exhibit 4 will

---

By not allowing the images themselves to be the focus of the trial, the Court is confident that the jury will be able to give full consideration to all of the elements of the pending charges.

3.  The Government contends that it has recovered approximately 120 images of child pornography from Defendant's computers and computer disks.

4.  The Court concludes that two of the so-called *Dost* factors have no weight to the

Court's determination. *See id.* at 31. First, the Court is hard pressed to say that any of the minors depicted in the Series 3 Exhibits appear to express any willingness to engage in sexual activity. Second, the Court finds that Exhibits 3c, 3e, 3f and 3g do not appear designed to elicit a sexual response in the viewer. Of course, these conclusions based on the objective review of the Court are not necessarily applicable to a pedophile who may perceive the same images quite differently.

refute Defendant's argument that he could have unknowingly possessed child pornography. The Court issued a preliminary ruling excluding Government Exhibit 4 from the Government's case-in-chief.

The Court bases this preliminary ruling on Rule 403. Given the Government's other admissible evidence, the Court finds that introduction of these approximately 370 images, many of which Defendant could possess legally, would be unduly prejudicial to Defendant. The Government is free to raise this issue again if it believes the Court should reconsider its ruling in light of the case put on by Defendant.

For these reasons, the Court GRANTS in part and DENIES in part Defendant's Motion.

SO ORDERED.