# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3339

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Aaron Stock, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: October 17, 2011
Filed: November 10, 2011

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Aaron Stock pled guilty to two counts of possessing child pornography. After his guilty plea was accepted but before sentencing, he filed a motion to merge the two counts. He argued that the separate charges would punish him twice for the same conduct because they were both based on his possession of child pornography at the

same time and place. The district court[1] denied his motion and sentenced him to 135 months of imprisonment. Stock appeals, arguing that the counts of conviction should have been merged. We affirm.

Stock had downloaded pornographic images of children using a laptop computer, peer to peer software, and the internet. He was charged in a four count indictment with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2). He pled guilty under a plea agreement to two counts of possession of child pornography. One was based on his possession of images stored on a laptop, and the other was based on his possession of images on an external hard drive. In exchange for his guilty pleas, the government agreed to dismiss the other two counts.

After the district court accepted Stock's guilty pleas, he filed a motion to merge the counts to which he had pled. He argued that if judgment were entered on both counts, he would be punished twice for the same criminal conduct in violation of the double jeopardy clause because both counts charged possession of child pornography at the same time and place. The district court ruled that Stock had waived his right to challenge the indictment because he had pled guilty to the two charges and his guilty pleas had been accepted by the court. It concluded that Stock's admitted conduct of possessing child pornography on two separate devices could be charged as separate crimes and sentenced him to 135 months. Stock appeals, arguing that the charges to which he pled should have been regarded as a single offense.

We conclude that by pleading guilty, Stock waived his merger argument. Our cases indicate that "[a] valid guilty plea is an admission of guilt that waives all non-

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

jurisdictional defects and defenses." United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007). Stock nevertheless contends that he did not waive his merger argument because his challenge is based on an alleged double jeopardy violation. Menna v. New York, 423 U.S. 61, 62 (1975) (per curiam). We have previously noted the limited reach of the case on which Stock relies because as later explained, "a guilty plea does foreclose a double jeopardy attack on a conviction unless, as in Menna, 'on the face of the record the court had no power to enter the conviction or impose the sentence.'" United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir. 1994) (quoting United States v. Broce, 488 U.S. 563, 569 (1989)). In Broce, the Supreme Court made clear that by pleading guilty "to two counts with facial allegations of distinct offenses" a defendant concedes "that he has committed two separate crimes," and in that situation there was no double jeopardy violation on the face of the record. Broce, 488 U.S. at 570, 576.

By pleading guilty to two counts of possession of child pornography, Stock admitted that he had committed two separate crimes. He has therefore waived his double jeopardy challenge. We are foreclosed from reviewing Stock's claims since "waived claims are unreviewable on appeal." United States v. Booker, 576 F.3d 506, 511 (8th Cir. 2009). We need not conduct any further review. Accordingly, we affirm the judgment of the district court.

_____