# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2098

_____

United States of America,      *
                                     *

            Appellee,     *

                                       *

     v.                               *   Appeal from the United States District
                                       *   Court for the Northern District of Iowa.

John Dolehide,                      *

                                       *

           Appellant.     *

_____

Submitted: October 21, 2011
Filed: December 6, 2011

_____

Before RILEY, Chief Judge, SHEPHERD, Circuit Judge, and MAGNUSON,[1] District Judge.

_____

MAGNUSON, District Judge.

John Dolehide appeals from the District Court's[2] imposition of a 135-month sentence on two counts of possession of child pornography. We affirm.

_____

[1] The Honorable Paul A. Magnuson, United States District Court Judge for the District of Minnesota, sitting by designation.

[2] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

## I.  BACKGROUND

Appellant John Dolehide was the subject of a child pornography investigation arising from his use of LimeWire, a file-sharing program. During the investigation, law enforcement officers downloaded child pornography directly from Dolehide's LimeWire files. During the subsequent search of his home, law enforcement officers confiscated a laptop and several hard drives.

On October 12, 2010, Dolehide waived indictment and pled guilty to an information charging him with two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The District Court accepted Dolehide's guilty plea on October 27, 2010.

On December 20, 2010, the U.S. Probation Office issued the presentence investigation report ("PSR") and both parties filed objections. Probation issued an Amended PSR on January 19, 2011. Prior to sentencing, both parties filed position papers, and Dolehide filed a motion for a downward variance. The District Court held a sentencing hearing on March 23, 2011, during which the parties presented evidence. Much of the hearing focused on Dolehide's mental-health issues. Dolehide presented evidence that he has had difficulties in social settings his entire life and that he has been diagnosed with various disorders, including Attention Deficit Hyperactivity Disorder ("ADHD"), High Functioning Pervasive Developmental Disorder, Disruptive Behavior Disorders, Autistic Spectrum Disorder, and Asperger's Syndrome. Dolehide argued that he should be sentenced to probation because he would likely become a victim in the prison system. The District Court took the matter under advisement and issued a lengthy Order on May 6, 2011.

The District Court's Order addressed two of the issues raised on appeal: (1) whether a five-level enhancement for distribution applied given Dolehide's uploading and downloading of illegal images through LimeWire; and (2) whether Dolehide's mental-health issues warranted a downward variance. The District Court determined

that the five-level enhancement applied because the Government offered evidence that the offenses involved the distribution of child pornography in expectation of a thing of value. U.S.S.G. § 2G2.2(b)(3)(B). Specifically, the District Court determined that Dolehide had made illegal images available to others via LimeWire and that he knowingly downloaded such images from others.

The District Court also denied Dolehide's request for a downward variance. The District Court found that the evidence regarding Dolehide's mental-health status conflicted; for example, one doctor testified that Dolehide suffered from Asperger's and others concluded that he suffered from ADHD or other behavioral disorders. The District Court concluded that, whatever the diagnosis, the ascertainable facts established that Dolehide's mental issues did not contribute to his commission of the crimes and did not justify the imposition of probation. The District Court pointed to the fact that Dolehide is intelligent and able to function on a relatively normal basis. Prior to the underlying events, Dolehide lived independent of his family, went to school, and had relationships with peers. In the course of his dealings with law enforcement, he was able to be polite and carry on a cogent conversation, and he acknowledged that possessing child pornography is wrong. The District Court further noted that the Bureau of Prisons is well-equipped to manage and treat Dolehide during his tenure in custody. Dolehide now appeals his sentence.

## II. DISCUSSION

### A. Double Jeopardy

Dolehide argues that his sentence violates the Double Jeopardy Clause of the Fifth Amendment because the two counts of conviction were effectively the same offense. Dolehide pled guilty to both counts of conviction and did not raise the double jeopardy argument during any of the proceedings below.

Under nearly identical circumstances, this Court recently held that the defendant waived his right to challenge his conviction on the basis of double jeopardy when he pled guilty to two counts of possession of child pornography. United States v. Stock, No. 10-3339, 2011 WL 5429072 (8th Cir. Nov. 10, 2011) (per curiam); see also United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) ("A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses."). We reasoned that "[b]y pleading guilty to two counts of possession of child pornography, Stock admitted that he had committed two separate crimes." Stock, 2011 WL 5429072, at *2. As in Stock, Dolehide admitted his guilt to two distinct crimes by pleading guilty to two counts of possession of child pornography. Dolehide thus has waived his double jeopardy claim and we are foreclosed from reviewing that claim on appeal. United States v. Booker, 576 F.3d 506, 511 (8th Cir. 2009) (waived claims are unreviewable on appeal).

## B.    Sentencing Enhancement

In an appeal of a sentencing enhancement, the District Court's legal conclusions are reviewed de novo and its factual findings for clear error. United States v. San-Miguel, 634 F.3d 471, 474 (8th Cir. 2011).

Dolehide argues that the District Court erred in applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B). Section 2G2.2(b)(3)(B) applies where the offense involved "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." This Court has applied the enhancement where "the defendant received and shared child pornography files through peer-to-peer file sharing networks." United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010). The applicable commentary defines distribution in this context as:

> [A]ny transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit. 'Thing of value' means

anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the 'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received.

U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 cmt. n.1.

The determination as to whether the five-level enhancement applies is made on a case-by-case basis with the Government bearing the burden of proof. Bastian, 603 F.3d at 466. The Government may meet its burden by offering direct or indirect evidence. Id. Here, the District Court determined that the Government met its burden with the following evidence: (1) Dolehide admitted in police interviews that he understood the file-sharing network he used was indeed file sharing because he was "getting files from other people;" (2) Dolehide "was not surprised" that the police were able to download images from his computer; (3) Dolehide had familiarity with computers; (4) Dolehide installed LimeWire on his computer and was able to explain in detail how it worked; and (5) Dolehide had 45 illegal videos stored in a separate folder on his computer, presumably for sharing purposes.

Dolehide argues that the District Court's analysis was flawed because the Government did not establish that he had the requisite intent to actually share the images. This argument lacks merit. Dolehide's familiarity with computers and the file-sharing network he used to download and share images belies his claim that he did not intend to share any images. By placing images in a shared file, his intent to share is implicit. Regardless of his precise intent, it is undisputed that he did share files because police officers downloaded images from his LimeWire account. Moreover, this Court requires a file-sharing defendant to show "concrete evidence" of his ignorance as to distribution in order to defeat a finding with respect to distribution. United States v. Dodd, 598 F.3d 449, 452 (8th Cir. 2010). Without such evidence "a fact-finder may reasonably infer that the defendant knowingly employed a file sharing program for its intended purpose." Id. Dolehide did not present any such evidence of ignorance, and

the District Court did not err in concluding that the Government met its burden as to the first prong of the enhancement.

Dolehide next argues that the Government failed to show that he expected to–or did–receive anything of value in exchange for the sharing.  This standard is met by virtue of the fact of sharing (uploading) and receiving (downloading) shared images via the file-sharing network:

> We now hold that § 2G2.2(b)(2)(B)'s five-level enhancement for the distribution of child pornography "for the receipt, or the expectation of receipt, of a thing of value, but not for pecuniary gain" applies to a defendant who downloads and shares child pornography files via an internet peer-to-peer file-sharing network, as these networks exist–as the name "file-sharing" suggests–for users to share, swap, barter, or trade files between one another.

United States v. Griffin, 482 F.3d 1008, 1013 (8th Cir. 2007); see also Bastian, 603 F.3d at 466 (noting that the courts within the Eighth Circuit have "applied the enhancement in cases where the defendant received and shared child pornography files through peer-to-peer file-sharing networks.").

The Court has not condoned application of the enhancement simply because a defendant uses a file-sharing program.  Rather, the Government must present evidence that the defendant uploaded and downloaded files using LimeWire.  See United States v. Durham, 618 F.3d 921, 929 (8th Cir. 2010) (finding the enhancement did not apply where there was "direct evidence of Durham's knowledge of downloading files via

Limewire, [but] there [was] no such evidence of his knowledge of uploading, i.e., distributing files, over the program").[3]

Here, the Government presented evidence that Dolehide both uploaded and downloaded files via LimeWire. Indeed, Dolehide admitted that he had downloaded images shared by others on the network and that he was not surprised that police officers were able to download images from his computer. Any doubts about whether Dolehide actually intended to upload and download the images can be resolved against him because of his experience with computers, the fact that he loaded LimeWire onto his computer, and his extensive knowledge of how LimeWire works. There is no basis to conclude that the District Court's factual findings in this regard were clearly erroneous.[4]

This case is distinguishable from the principal case on which Dolehide relies, United States v. Shaefer, No. 10-CR-94-LRR, 2011 WL 1807387, at *3-4 (N.D. Iowa May 11, 2011). In Shaefer, the district court rejected the Government's request for the five-level enhancement because the Government failed to produce evidence that Shaefer had actually downloaded or uploaded files on the file-sharing network. Again, in this case, the Government presented evidence that Dolehide had both received and distributed images via the file-sharing network, and had done so knowingly.

---

[3]Dolehide urges the Court to follow the Bastian concurrence in which Judge Colloton questioned the prudence of applying the enhancement in cases where the evidence shows that the file sharing was merely gratuitous and thus not a "transaction" as required by the applicable guideline. Bastian, 603 F.3d at 467-68 (Colloton, J., concurring). Dolehide acknowledges, as he must, that Judge Colloton's concurrence does not reflect the current state of the law in this Circuit.

[4]Dolehide also argues that the District Court erred in failing to address the second prong of the enhancement analysis. Although the District Court did not expressly tie its findings to the second prong, its factual findings fully support the conclusion that the second prong was met, and thus that the enhancement was appropriate.

The Court concludes that the District Court did not clearly err in applying the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B).

## C.      Variance

The issue of whether the District Court appropriately sentenced Dolehide within the guidelines range is reviewed for reasonableness under the abuse-of-discretion standard. United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008). A sentence within the guidelines range is presumed to be reasonable. Id.

Dolehide's 135-month sentence was within the guidelines range and is thus presumed to be reasonable. Dolehide argues that the District Court should have sentenced him to a term of probation because he suffers from Asperger's Syndrome and will likely be a victim in prison. Dolehide also asserts that the sentence is higher than necessary to the meet the objectives of sentencing.

The record does not support a finding that the District Court's sentence was an abuse of discretion. The District Court heard evidence on Dolehide's mental-health issues and addressed them thoroughly and thoughtfully in the Order denying the variance. The District Court was well within its discretion in concluding that the following facts weighed against a downward variance: (1) there was conflicting evidence on the degree of Dolehide's infirmity and his ability to function; (2) Dolehide's mental illness does not appear to have contributed to his commission of the crimes; (3) Dolehide knew that his conduct was wrong and unlawful; (4) Dolehide presented a risk to children (including his roommate's children in whom he expressed an inappropriate interest); and (5) the Bureau of Prisons has adequate facilities and programs to deal with and treat Dolehide during his incarceration.

The Court concludes that the District Court did not abuse its discretion in denying Dolehide's request for a downward variance.

Accordingly, we affirm the sentence imposed by the District Court.

_____