PER CURIAM.
Brian Lynch pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252. Lynch appeals his sentence of 210 months, specifically challenging the five-level upward adjustment for distribution in expectation of a “thing of value,” see United States Sentencing Guidelines Manual § 2G2.2(b)(3)(B), because he used file sharing programs to view the pornography. Lynch argues that while he knew he was using the file-sharing programs Ares and Shareaza, he did not know that others using Ares and Shar-eaza could access his files remotely, and thus that any “distribution” that happened via these programs was unknowing on his part. In support of this assertion, he directs us to the transcript of his interview during the initial encounter with law enforcement officers as they served the search warrant at his home. Lynch argues that the transcript shows his lack of knowledge of the remote access/sharing function of Ares and Shareaza.
The determination of whether the five-level enhancement for distribution *782 applies is made on a case-by-case basis, with the government bearing the ultimate burden of proof on this issue. United States v. Dolehide, 663 F.3d 343, 347 (8th Cir.2011). The government may meet this burden with direct evidence (usually in the form of an admission) or by circumstantial evidence such as a defendant’s relative computer sophistication. United States v. Durham, 618 F.3d 921, 927-29 (8th Cir. 2010). If the defendant has installed the file sharing program and used it himself, he must show “concrete evidence” of his ignorance as to distribution. Dolehide, 663 F.3d at 347.
At the sentencing hearing, via testimony and the pre-sentence investigation report, the government presented the following circumstantial evidence in support of the enhancement: that undercover officers used a peer-to-peer file sharing network to download images,.remotely, from Lynch’s computer, several different times in 2013; that Lynch kept folders on his desktop associated with the file sharing programs, in which he kept child pornography images; and that Lynch installed and began using the file-sharing programs to download child pornography since 2007. Furthermore, during the police interview, Lynch assessed his technical computer knowledge as a 5-6 on a scale of 1-10. Lynch’s “concrete evidence” of ignorance consists of the initial police interview transcript, where, admittedly, he seemed confused about the concept of how others might access his child pornography files from their remotely located computers. Additionally, the agent who interviewed Lynch during this interview testified at the sentencing hearing that Lynch said several times during the interview that Lynch didn’t think he was sharing anything with anybody else. Finally, the government’s forensic computer examiner admitted there was no evidence Lynch emailed or took any other affirmative steps to distribute the child pornography images that he had downloaded.
The district court[1] acknowledged that the five-level increase could not be added simply by virtue of the fact that the Shar-eaza and Ares programs were on the computer. However, the court made the following findings with regard to indirect evidence of Lynch’s knowledge: Lynch was “fairly” computer savvy, including the fact that he had “defragmented” his computer to make it run faster; he had downloaded the programs several years ago (in 2007 and 2008) and had been using them since then; he was the only user of the computer; and the warnings from the software manufacturers detailed the general operation of how shared files worked.
In reviewing the district court’s advisory Guidelines calculation, we review the district court’s factual findings for clear error and its application of the Guidelines de novo. United States v. Pappas, 715 F.3d 225, 228 (8th Cir.2013). Given this standard, we cannot say the district court clearly erred in its factual findings, despite Lynch’s, at times exculpatory and other times equivocal, answers about his knowledge of file sharing during the police interview. The government presented sufficient circumstantial evidence of Lynch’s knowledge of distribution and the district court did not clearly err in determining that Lynch’s evidence of ignorance was not “concrete.” Nor is the within-Guidelines-range sentence substantively unreasonable. United States v. Huston, 744 F.3d 589, 593 (8th Cir.2014). Accordingly, we *783 affirm the application of the five-level increase and the resulting sentence.

. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.