# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2857

_____

United States of America

*Plaintiff - Appellee*

v.

Arleigh Joe Esqueda

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 9, 2015
Filed: April 9, 2015
[Unpublished]

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arleigh Joe Esqueda pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Esqueda appeals the district court's[1] imposition of a sentence of 168 months' imprisonment. We affirm.

Esqueda contends that the district court erroneously applied the United States Sentencing Guidelines (U.S.S.G. or Guidelines) when it increased his base offense level by 5 under § 2G2.2(b)(3)(B). In reviewing the district court's advisory Guidelines calculation, we review its factual findings for clear error and its application of the Guidelines *de novo*. United States v. Lynch, 757 F.3d 780, 782 (8th Cir. 2014).

The Guidelines provide for an increase in the base offense level when the offense—in this case, possession of child pornography—also involved distribution. The Guidelines specify a 5-level enhancement if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain," U.S.S.G. § 2G2.2(b)(3)(B), which means "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit," id. § 2G2.2 cmt. n.1. The 5-level enhancement thus "applies to a defendant who downloads and shares child[-]pornography files via an internet peer-to-peer file-sharing network, as these networks exist . . . for users to share, swap, barter, or trade files [among] one another." United States v. Griffin, 482 F.3d 1008, 1013 (8th Cir. 2007). The 5-level enhancement, however, does not apply automatically merely because the defendant installed file-sharing software; instead, the district court must decide on a case-by-case basis whether the defendant qualifies for the enhancement. United States v. Ultsch, 578 F.3d 827, 830 (8th Cir. 2009). The government bears the burden of proving that the defendant expected to receive a thing of value through his use of the file-sharing program. Id. The government can meet this burden either

---

[1]The Honorable James E. Gritzner, then Chief Judge, United States District Court for the Southern District of Iowa.

through direct evidence—"such as an admission by the defendant that he knew he was using a file-sharing network, and could download files from others who could download files from him"—or through indirect or circumstantial evidence, "such as the defendant's technical sophistication in computers." United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010). Absent concrete evidence of ignorance, "a fact-finder may reasonably infer," through circumstantial evidence, "that the defendant knowingly employed a file[-]sharing program for its intended purpose," United States v. Dodd, 598 F.3d 449, 452, 452 n.2 (8th Cir. 2010), i.e., to "share, swap, barter, or trade files," Griffin, 482 F.3d at 1013. See also United States v. Dolehide, 663 F.3d 343, 347-48 (8th Cir. 2011) (applying this rule in the context of § 2G2.2(b)(3)(B)'s 5-level enhancement).

Esqueda first argues that we should abandon our former construction of § 2G2.2(b)(3)(B) and should adopt instead the reasoning set forth in the concurring opinion in Bastian, 603 F.3d at 467-68 (Colloton, J.). But our panel is without power to overrule another panel's earlier decision. Jackson v. Ault, 452 F.3d 734, 736 (8th Cir. 2006). We therefore are bound to apply the law of the Eighth Circuit as it exists at present.

Esqueda also argues that even under the law of this Circuit as it currently stands, the district court failed to perform the required case-by-case analysis to ensure that the government had met its burden of establishing that Esqueda shared files in expectation of receipt of a thing of value. See, e.g., United States v. Durham, 618 F.3d 921, 926-27, 931 (8th Cir. 2010) (emphasizing that the application of a distribution enhancement must be determined on a case-by-case basis). The district court stated, however, that it was making its decision based on its review of the record. The Presentence Investigation Report, which the district court adopted as its factual findings, stated that Esqueda had personally installed the file-sharing program, that he had described his knowledge of computers as "advanced," that he had his own webpage, that he was skilled at computer programming and repair, that he was in

possession of 351 images and 77 videos depicting child pornography buried deep in layers of folders on his computer, and that he had been downloading child-pornography files since at least December 2008. Moreover, law-enforcement officers were able to download three child-pornography files from Esqueda's computer through a peer-to-peer file-sharing network. The only evidence Esqueda offered to rebut the government's circumstantial evidence was a statement made to a law-enforcement agent that he did not share or trade files. In light of our precedent, however, the district court's decision to disbelieve Esqueda's statement to law enforcement, and its conclusion that Esqueda had not made a sufficiently strong showing to rebut the government's circumstantial evidence, was not clearly erroneous. See Lynch, 757 F.3d at 782 (holding that, given evidence that the defendant actually shared files with law enforcement, was computer savvy, and personally installed the file-sharing programs, the district court did not clearly err in applying the 5-level enhancement, despite the defendant's statements during a police interview suggesting that he lacked knowledge that he was sharing files).

Accordingly, we affirm the sentence and the district court's application of the 5-level enhancement to calculate the Guidelines range.

_____