**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2880
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER WELSHANS,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-15-cr-00015-001)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Thursday, April 23, 2020
_____

Before: PORTER, RENDELL, and FISHER,
*Circuit Judges*

(Filed: May 11, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

A jury convicted Christopher Welshans of possessing and distributing child pornography. Welshans initially appealed his judgment of conviction, and we remanded for resentencing. *United States v. Welshans*, 892 F.3d 566, 583 (3d Cir. 2018). The District Court then held a resentencing hearing. The parties agreed that Welshans's sentencing range was 210 to 262 months' imprisonment. But the District Court awarded Welshans a five-offense-level downward variance because two enhancements recommended by the Presentence Investigation Report did not "make [his] conduct [any] more serious or offensive." Appx 31; *see also id.* at 32. With that variance, the sentencing range for Welshans became 121 to 151 months' imprisonment.

The District Court then considered Welshans's argument that his recent diagnosis of autism warranted an additional downward variance. But the District Court declined to give Welshans that additional downward variance and sentenced Welshans to 121 months' imprisonment—the bottom of the reduced sentencing range. Welshans timely appealed. Because the District Court did not abuse its discretion when it sentenced Welshans, we will affirm.[1]

On appeal, Welshans asserts that the District Court abused its discretion by not granting the downward variance based on his recent autism diagnosis. In doing so, he essentially challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v.*

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

*Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014). "An abuse of discretion occurs only [when] the district court's decision is arbitrary, fanciful, or clearly unreasonable—in short, [when] no reasonable person would adopt the district court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (internal quotation marks and citation omitted). "[W]e continue to recognize that reasonableness is a range, not a point. As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (internal quotation marks and citations omitted). Accordingly, we will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [sentencing] court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The District Court gave due consideration to Welshans's autism diagnosis when it sentenced him. It "believe[d] that [his] diagnosis of Level 1 autism spectrum disorder [was] *relevant*." Appx 32 (emphasis added). The District Court then discussed at length Welshans's ability to function in society and all his various accomplishments despite his diagnosis. It also acknowledged that incarceration can be difficult for people who suffer from autism. Yet the District Court believed that "correctional treatment in the federal correctional system . . . [would] benefit" Welshans. *Id.* at 34.

After carefully considering Welshans's autism diagnosis, the District Court declined to grant Welshans's requested downward variance. It refused to grant the downward variance "because of [his] history and characteristics, because [it was]

3

concerned about protecting the public, because [it] want[ed Welshans] to have an effective correctional treatment, and because of the nature and circumstances of this offense, which . . . [it] consider[ed] to be very serious." *Id.* at 36. Instead, the District Court imposed a sentence at the bottom of the sentencing range that already included a substantial downward variance.

Given the District Court's thorough consideration of Welshans's arguments supporting his requested downward variance based on his autism diagnosis, we cannot conclude that "no reasonable sentencing court would have imposed the same sentence on [Welshans] for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568. Still, Welshans argues that the District Court abused its discretion by "slighting" or "mis-weighing" the evidence about his autism diagnosis. *See, e.g.*, Appellant's Br. at 38. Yet nothing about the District Court's consideration of the evidence submitted by Welshans was "arbitrary, fanciful, or clearly unreasonable." *See Green*, 617 F.3d at 239 (citation omitted). If anything, the District Court "thoroughly and thoughtfully" considered Welshans's arguments relating to his autism diagnosis before ultimately rejecting his requested downward variance. *See United States v. Dolehide*, 663 F.3d 343, 349 (8th Cir. 2011). In sum, the District Court did not abuse its discretion by declining to grant Welshans's requested downward variance based on his autism diagnosis.

\*     \*     \*

Because Welshans's sentence "falls within the broad range of possible sentences that can be considered reasonable," *see Wise*, 515 F.3d at 218, we will affirm.

4