# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4232

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Walter E. Sewell, also known as food4less, | * | |
| | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 15, 2006
Filed: August 10, 2006

_____

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The government appeals from the district court's interlocutory ruling that prohibits the government from publishing to the jury images of alleged child pornography found on Walter E. Sewell's computers in its case against him for possessing, distributing, and publishing notices of child pornography. We reverse and remand.

# I.

Sewell loaded a peer-to-peer file-sharing program called Kazaa onto both his home and work computers. Kazaa allows its users to utilize the Internet to search for specific terms in the file names and descriptive fields of files located in any other Kazaa user's My Shared Folder. A Kazaa user can then download these files from the other user's My Shared Folder. The downloaded file will automatically be placed in the user's My Shared Folder to be searched and downloaded by other users unless the local user disables this feature. Sewell used Kazaa to download hundreds of video and still images that allegedly constitute child pornography, *i.e.*, depict individuals under the age of eighteen engaged in sexually explicit conduct, and made these images available to be searched and downloaded by other Kazaa users by failing to disable the Kazaa feature that automatically places the files in a user's My Shared Folder. Following an undercover investigation that revealed this information, Sewell was indicted for possessing, attempting to receive, distributing and attempting to distribute, and publishing notices of and attempting to publish notices of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252.

During a pretrial teleconference, the district court questioned whether the government would need to publish to the jury any of the images found on Sewell's computers if Sewell would stipulate that the images constitute child pornography. In response, the government moved for a ruling on the question of the admissibility of the images. It proposed that it would publish only twenty-three or fewer images for three to four seconds each in its case-in-chief if Sewell would stipulate that four of the images downloaded from Sewell's computer meet the legal definition of child pornography, that fifty-nine of the images located on Sewell's computers meet the legal definition of child pornography, and that twenty-five of the images in Sewell's My Shared Folder depict known child victims as recognized and maintained in the National Center for Missing and Exploited Children and/or Child Victim Identification Program databases. Sewell rejected the government's proposal.

After attempting to obtain stipulations by Sewell and the government on the matter and after weighing competing concerns under Federal Rule of Evidence 403, the district court ordered that the government would not be permitted to publish the images at trial. The district court instead ruled that it would permit a government witness to describe the images to the jury; would allow the government to show the jury the descriptions of the images; and would permit the government to introduce the images, file names, and field descriptions into evidence, thereby allowing the jury to see the images if it requested them during deliberations. The district court determined that this alternative properly balanced the competing interests of Rule 403 because the primary dispute in the case was whether, through Sewell's use of Kazaa, he had published notices of, attempted to publish notices of, distributed, or attempted to distribute the images allegedly constituting child pornography. According to the district court, Sewell had confessed to the police that his computers contained child pornography and that he knew that others could access those images using the Kazaa program, essentially eliminating these issues from the case. The district court further stated that it was obligated to protect the jury and that it would be perverse to outlaw the images of child pornography but then show the images in public when there was a meaningful alternative available.

## II.

We review for abuse of discretion a district court's evidentiary rulings. Old Chief v. United States, 519 U.S. 172, 174 n.1 (1997); United States v. Pirani, 406 F.3d 543, 555 (8th Cir. 2005) (en banc); United States v. Cook, No. 05-3731, slip op. at 2, 2006 WL 2105017 at *1 (8th Cir. July 31, 2006). The government argues that the district court abused its discretion because its order prevents the government from proving that the images meet the legal definition of child pornography by depicting individuals under the age of eighteen engaged in sexually explicit conduct and that Sewell knew this. Sewell argues that he has offered to stipulate to these elements but that the government has refused to accept this stipulation; that he will not argue at trial

that the images do not constitute child pornography; and that the only issue in the case is whether his use of the Kazaa program constituted advertising or distribution.

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In weighing these elements, the district court should discount the probative value of the disputed evidence if an evidentiary alternative has equal or greater probative value and poses a lower risk of unfair prejudice. United States v. Becht, 267 F.3d 767, 773 (8th Cir. 2001). Stipulation to an element of the offense, however, does not generally constitute an evidentiary alternative having equal or greater probative value. See id. at 774. Accordingly, a "defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." Old Chief, 519 U.S. at 183. Generally, "the prosecution is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." See id. at 186-87.

We conclude that the district court abused its discretion in refusing to allow the government to publish a representative sample of the images found on Sewell's computers. The images pertain to multiple elements of the offense, including whether the images constitute child pornography and whether Sewell knew this. Prior to this appeal, Sewell refused to stipulate to each of the relevant elements of the offenses. His now-tendered offer is not dispositive, for the government is entitled to prove its case by evidence of its own choice and is not required to accept the offer. Becht, 267 F.3d at 774; United States v. Frost, 234 F.3d 1023, 1025 (8th Cir. 2000).

The order is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.

_____