# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2905

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Southern District of Iowa.
　　　　　　　　　　　　　　　　　　*
James Donald Griffin,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　　*

_____

Submitted: January 10, 2007
Filed: April 3, 2007

_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

James Griffin pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court[1] determined that Griffin's Guideline sentencing range was 87 to 108 months' imprisonment, after concluding that Griffin was subject to a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2)(B). The enhancement was

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

applied because Griffin's offense conduct involved the distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." The court ultimately sentenced Griffin to 78 months' imprisonment. Griffin appeals the court's imposition of the five-level distribution enhancement. We affirm.

## I. *Background*

During an investigation of child pornography distribution in Denmark, Danish police seized a computer, pursuant to a search warrant, from a Danish residence. Forensic analysis of the seized computer revealed that a partially downloaded file containing child pornography had been downloaded to the computer from an Internet Protocol (IP) address that was traced to Griffin, a Davenport, Iowa resident. Local authorities obtained and executed a search warrant on Griffin's residence after Danish authorities relayed this information to them. Law enforcement officers seized a computer and several CD-ROMs containing approximately 67 video clips of child pornography from Griffin's residence.

A grand jury indicted Griffin for receiving child pornography, possessing child pornography, and forfeiture. Griffin pleaded guilty, without a plea agreement, to receiving and possessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & (a)(4)(B), and agreed to the forfeiture.

The presentence investigation report (PSR) concluded that Griffin's offense level was subject to a five-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(2)(B),[2] because Griffin's offense conduct involved the distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."

---

[2]Due to ex post facto concerns, the 2003 edition of the Sentencing Guidelines was used to calculate Griffin's sentencing range. For purposes of this enhancement, the 2006 edition is identical to the 2003 edition. Thus there is no need to distinguish the two.

Griffin objected to this enhancement, denying that he distributed any child pornography and arguing that even if a distribution occurred, he did not distribute the images for the receipt, or the expectation of receipt, of a thing of value.

Griffin admitted that he downloaded child pornography from Kazaa[3]—an internet peer-to-peer file-sharing network—but maintains that he only downloaded the images and videos for his personal use, not for distribution to others. However, Griffin also admitted that he knew Kazaa was a file-sharing program and knew that, by using Kazaa, other Kazaa users could also download files from his computer. The government asserted that Griffin's use of Kazaa with knowledge of its capabilities constituted distribution. By using the file-sharing site, Griffin enabled other Kazaa users to download files from Griffin's shared folder, including any child pornography files stored there. Otherwise, the government argued, Danish police could not have traced the partially downloaded child pornography clip discovered in Denmark back to Griffin.

The district court conducted an evidentiary hearing on the enhancement prior to sentencing Griffin. At the hearing, Agent Kevin Lang, with the Immigration and Customs Enforcement's public safety unit (which investigates, among other things, child sex crimes) testified that during an interview with agents that executed the search warrant at Griffin's residence, Griffin admitted to being the primary user of the computer seized and admitted that he had downloaded child pornography to his computer using Kazaa. Lang also testified that Griffin admitted that he knew that by using Kazaa he would be able to download files from other Kazaa users and that other Kazaa users would be able to download files from him. Agent Lang acknowledged that when Griffin's computer was seized, the Kazaa program and Griffin's shared folder had been deleted from the computer, making Griffin unable to distribute images

---

[3]Kazaa and other similar peer-to-peer file-sharing networks allow users to trade files over the internet after downloading and installing the program on to their computer.

via Kazaa at that time. However, Agent Lang testified that forensic analysts had recovered several deleted child pornography files that had been previously stored in a shared folder on Griffin's computer. Further, Lang testified that Griffin's IP address was attached to the partially downloaded child pornography file discovered by Danish authorities. The presence of Griffin's IP address established that the partially downloaded file had previously been on Griffin's computer, had been available for distribution, and was in fact distributed.

The district court concluded that the five-level enhancement applied, finding that Griffin had distributed child pornography by making images of child pornography available to others via the file-sharing network and that Griffin had an expectation of receiving pornographic images—a thing of value—in exchange for the images he made available to others. Griffin appeals, arguing that the court erred in finding that his use of a peer-to-peer file-sharing network to download images of child pornography warranted the imposition of the five-level enhancement under U.S.S.G. § 2G2.2(b)(2)(B).

## II. *Discussion*

On an appeal of a district court's Guidelines sentencing enhancement, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Goldman*, 447 F.3d 1094, 1096 (8th Cir. 2006).

Under § 2G2.2(b)(2)(B), a five-level increase should be imposed on a defendant guilty of receiving or possessing child pornography if the offense involved "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(2)(B). For purposes of this guideline,

> "Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" means any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit. "Thing of value" means anything of valuable

consideration. For example, in a case involving the bartering of child pornographic material, the "thing of value" is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received.

Application Note 1 of U.S.S.G. § 2G2.2. Additionally, "'[d]istribution' means *any act* including production, transportation, and possession with intent to distribute, related to the transfer of material involving the sexual exploitation of a minor." *Id.* (emphasis added).

This case presents the issue of whether an expectation of receipt of child pornography through Kazaa file sharing constitutes a "thing of value, but not for pecuniary gain" for sentence enhancement purposes under § 2G2.2(b)(2)(B). While this is an issue of first impression, it is not the first time our circuit has discussed Kazaa. In a factually similar case, we recently described how Kazaa works:

> Kazaa allows its users to utilize the Internet to search for specific terms in the file names and descriptive fields of files located in any other Kazaa user's My Shared Folder. A Kazaa user can then download these files from the other user's My Shared Folder. The downloaded file will automatically be placed in the user's My Shared Folder to be searched and downloaded by other users unless the local user disables this feature.

*United States v. Sewell*, 457 F.3d 841, 842 (8th Cir. 2006).[4] In *Sewell*, we noted that by using Kazaa to download images of child pornography, the defendant "made these images available to be searched and downloaded by other Kazaa users by failing to disable the Kazaa feature that automatically places the files in a user's My Shared Folder." *Id.* Like the defendant in *Sewell*, Griffin's use of the peer-to-peer file-sharing

---

[4]*Sewell* also involved child pornography downloaded from Kazaa, but was an interlocutory appeal of an evidentiary ruling. Whether file-sharing constituted distribution for a thing of value under § 2G2.2(b)(2)(B) was not before the court.

network made the child pornography files in his shared folder available to be searched and downloaded by other Kazaa users as evidenced by the partially downloaded file recovered by Danish authorities.

Based on the applicable definition of "distribution" and our reasoning in *Sewell*, Griffin was engaged in the distribution of child pornography. *See id.*; Application Note 1 of U.S.S.G. § 2G2.2; *United States v. Shaffer*, 472 F.3d 1219, 1223–24 (10th Cir. 2007) (finding defendant distributed child pornography when he downloaded child pornography from Kazaa and stored the files in a shared folder on his computer, accessible by other users on the network); *United States v. Mathenia*, 409 F.3d 1289, 1290 (11th Cir. 2005) (applying two-level distribution enhancement for distributing child pornography through peer-to-peer file-sharing network); *United States v. Postel*, slip copy, 2006 WL 2513022, *4 (N.D. Iowa Aug. 29, 2006) (finding defendant intended to distribute child pornography to others by using a peer-to-peer file-sharing network while having child pornography in his shared folder); *United States v. Abraham*, slip copy, 2006 WL 3052702, *7 (W.D. Pa. Oct. 24, 2006) (finding that defendant distributed child pornography when as a result of the defendant's installation of an internet peer-to-peer file-sharing network on his computer, a law enforcement officer was able to download a child pornography file from defendant's computer to the officer's computer).

Thus, the only issue is whether Griffin's use of a file-sharing network to obtain child pornography from other network users, while allowing the child pornography files in his shared folder to be accessed and downloaded by others, constituted "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" under § 2G2.2(b)(2)(B). We hold that it does.

As stated above, "'distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain' means any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit."

Application Note 1 of U.S.S.G. § 2G2.2. Further, in a case involving the bartering or trading of child pornography, the "'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *Id.*

Under the previous version of § 2G2.2(b),[5] we held that the five-level distribution enhancement was warranted if the defendant engaged in trading or bartering of child pornography, *United States v. Horn*, 187 F.3d 781, 791 (8th Cir. 1999), or if the government demonstrated that the defendant expected to receive pornographic images in exchange for the images he distributed. *United States v. Imgrund*, 208 F.3d 1070 (8th Cir. 2000). We now hold that § 2G2.2(b)(2)(B)'s five-level enhancement for the distribution of child pornography "for the receipt, or the expectation of receipt, of a thing of value, but not for pecuniary gain" applies to a defendant who downloads and shares child pornography files via an internet peer-to-peer file-sharing network, as these networks exist—as the name "file-sharing" suggests—for users to share, swap, barter, or trade files between one another.

Griffin admitted that he downloaded child pornography files from Kazaa, knew that Kazaa was a file-sharing network, and knew that, by using Kazaa, other Kazaa users could download files from him. By introducing these admissions into evidence, the government met its burden of establishing that Griffin expected to receive a thing of value—child pornography—when he used the file-sharing network to distribute and access child pornography files. *See Postel*, 2006 WL 2513022 at *4 ("By placing child

---

[5]Prior to 2000, § 2G2.2(b)(2) only provided for the five-level enhancement if the distribution was for pecuniary gain. In 2000, § 2G2.2(b)(2) was amended to provide for a five-level enhancement for the "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" as well. *See* Guideline Amendment 592. Distributions involving trading or bartering of child pornography were included in the enhancement for "distribution[s] for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." *Id.*

pornography in his shared folder and by running [the file-sharing network], Defendant intended to barter his images of child pornography in the expectation that he would receive other [network] users' images of child pornography."). Therefore, the district court did not err in applying the five-level enhancement.

## III. *Conclusion*

Accordingly, we affirm the decision of the district court.

_____