# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3794

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Eric Lee Ultsch, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 8, 2009
Filed: August 27, 2009

_____

Before COLLOTON, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Eric Ultsch pled guilty to one count of receiving and distributing child pornography and one count of possessing child pornography. The district court[1] sentenced Ultsch to 360 months' imprisonment. Ultsch appeals his sentence, arguing that the district court committed procedural error by improperly calculating the advisory guideline range and abused its discretion by imposing a sentence within the advisory guideline range. We affirm.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

In March 2008, Ultsch's wife gave law enforcement officers a folder containing child pornography that she claimed belonged to Ultsch. She also reported that Ultsch had been sexually abusing one of their daughters. Officers executed a search warrant at Ultsch's residence, and they found two computers, numerous computer disks and hard drives, two printers, and a scanner. Forensic examination of the seized items disclosed that child pornography was contained in more than 700 photographic files and more than 50 movie files. The examination also revealed that LimeWire, a peer-to-peer file-sharing software program that allows users to distribute and receive files over the Internet, was installed on both computers. LimeWire's sharing function was activated on both computers, meaning that when they were connected to the Internet, other users of the file-sharing network were able to access files stored in designated shared folders on the computers.

During interviews with law enforcement officers, Ultsch acknowledged that LimeWire is a "peer-to-peer file-sharing program," and admitted that he downloaded child pornography using the program. Ultsch stated that when he downloaded files containing child pornography, the files were placed directly into LimeWire's shared folder. Ultsch also admitted to viewing child pornography and masturbating while his daughter was in the same room, sometimes while she sat naked on his bed. In addition, he admitted to rubbing his penis on his daughter's vaginal area and ejaculating on her stomach. According to Ultsch's daughter, Ultsch sexually abused her nearly every day.

A grand jury returned an indictment charging Ultsch with receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Ultsch pled guilty to both counts of the indictment. At sentencing, over Ultsch's objection, the district court applied USSG § 2G2.2(b)(3)(B), which provides for a five-level specific offense

characteristic if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." The court calculated an advisory guideline range of 360 months to life imprisonment, and sentenced Ultsch at the bottom of the range.

## II.

Ultsch raises two arguments on appeal. First, he asserts that the district court committed procedural error in applying USSG § 2G2.2(b)(3)(B). Section 2G2.2(b)(3)(B) provides for a five-level enhancement if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." In *United States v. Griffin*, 482 F.3d 1008 (8th Cir. 2007), this court held that the five-level enhancement applied to a defendant who participated in a peer-to-peer file-sharing network, knowingly downloading and sharing child pornography through the network. *Id.* at 1013. We explained that the district court did not err in finding that "Griffin expected to receive a thing of value – child pornography – when he used the file-sharing network to distribute and access child pornography," because the government had introduced Griffin's admissions that he knew that he was using a file-sharing network, knew that he downloaded child pornography through the network, and knew that by using the network, he enabled other users of the network to download files from his computer. *Id.*

Here, the district court acknowledged that the *Griffin* decision "is directly on point," and found that the government had proved by a preponderance of the evidence that Ultsch distributed child pornography through LimeWire for the expectation of receipt of child pornography. The court therefore concluded that § 2G2.2(b)(3)(B) applied, and increased Ultsch's offense level by five levels.

Ultsch argues that *Griffin* was wrongly decided, because it does not require the government to prove that a defendant's motive or intent in sharing files on the

network was the receipt or expectation of receipt of something of value from others. He contends that we should instead follow the Tenth Circuit's decision in *United States v. Geiner*, 498 F.3d 1104, 1110-12 (10th Cir. 2007), which expressed disagreement with *Griffin*.

This panel, of course, is bound to follow *Griffin*. *See United States v. Moore*, 572 F.3d 489, 491 (8th Cir. 2009). We note, moreover, that the Tenth Circuit in *Geiner* did not speak of "motive" or "intent," but held that "a defendant expects to receive a thing of value under USSG § 2G2.2(b)(3)(B) when he distributes child pornography in anticipation of, or while reasonably believing in the possibility of, the receipt of a thing of value." *Geiner*, 498 F.3d at 1110. This court in *United States v. Stults*, No. 08-3183, 2009 WL 2476695 (8th Cir. Aug. 14, 2009), recently clarified that *Griffin* did not call for automatic application of the enhancement "based merely on a defendant's installation of file-sharing software," as the Tenth Circuit may have suggested. *Geiner*, 498 F.3d at 1111. Rather, "whether a defendant qualifies for the five-level enhancement must be decided on a case-by-case basis, with the government bearing the burden of proving that the defendant expected to receive a thing of value" when he used the file-sharing software. *Stults*, 2009 WL 2476695, at *12 (internal quotation omitted).

The district court in this case explained its finding as follows:

> As shown by the evidence here today, the Limewire program itself indicates that the files will be shared. The defendant was a relatively sophisticated user of it as demonstrated by the different types and the large quantity of material that he received. He used the terms peer-to-peer and shared folder which were both indicative of a level of knowledge at least as great as necessary to understand the nature of peer-to-peer software and the sharing capabilities of that.

-4-

The evidence cited by the court is sufficient to support its finding that Ultsch distributed child pornography through LimeWire for the expectation of receipt of other child pornography, a thing of value. *See id*. at \*13 (relying on circumstantial evidence of defendant's knowledge to affirm the application of § 2G2.2(b)(3)(B)). Accordingly, the district court properly calculated Ultsch's advisory guideline range and did not commit procedural error.

Ultsch also argues that the district court imposed a substantively unreasonable sentence. He observes that portions of § 2G2.2 were added directly by Congress, *see* PROTECT Act, Pub. L. No. 108-21, § 401(i)(1)(C), 117 Stat. 650, 673 (2003); USSG App. C, amend. 664, rather than through what he describes as "the 'careful study' of the Section 3553(a) factors that the [Sentencing Commission's] processes afford." Because of the manner in which the guideline was conceived, Ultsch asserts that a district court "should not give deference to or heavily rely upon the § 2G2.2 guidelines in fashioning a proper sentence," and he suggests that we should not apply the appellate presumption of reasonableness typically given to a sentence within the advisory guideline range. *See Rita v. United States*, 551 U.S. 338, 347 (2007).

We conclude that the sentence imposed is not unreasonable. There is no indication in the record that the district court gave deference to, or heavily relied upon, the guideline in imposing sentence. Rather, the court followed the Supreme Court's instruction to calculate the advisory guideline range, and to use that range as a starting point, but to determine the ultimate sentence based on consideration of all of the factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 128 S. Ct. 586, 596 (2007). The district court did select a sentence within the advisory range, but not because the court impermissibly presumed the guideline range to be reasonable. While the district court may have been free to vary from the guideline based on policy concerns, the Supreme Court's recent decisions "do not hold that a district court *must* disagree with any sentencing guideline, whether it reflects a policy judgment of

Congress or the Commission's 'characteristic' empirical approach." *United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009).

As for the appellate presumption of reasonableness, it is true that *Rita* permitted the presumption in the "real-world circumstance . . . when the judge's discretionary decision accords with *the Commission's* view of the appropriate application of § 3553(a) in the mine run of cases." 551 U.S. at 350-51 (emphasis added). But we have observed, in addressing an argument that the presumption should not apply to a sentence within a range determined by USSG § 2G2.2, that "in the real-world circumstance where a sentencing judge *agrees with Congress*, then the resulting sentence is also probably within the range of reasonableness." *United States v. Kiderlen*, 569 F.3d 358, 369 (8th Cir. 2009) (emphasis added). Particularly given the deference due a district court's sentencing decision under § 3553(a), *see United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc), we see no basis to hold that the district court's selection of a sentence at the bottom of the advisory range was substantively unreasonable.

\*      \*      \*

The judgment of the district court is affirmed.

_____