COLLOTON, Circuit Judge,
concurring.
I concur in the opinion of the court, including its holding that any error in the district court’s application of USSG § 2G2.2(b)(3)(B) was harmless. I write separately regarding the government’s apparent interpretation of this specific offense characteristic.
The five-level adjustment at issue applies when a defendant’s offense involved distribution of child pornography “for the receipt, or expectation of receipt, of a thing of value.” USSG § 2G2.2(b)(3)(B) (emphasis added). As the court explains, this means “any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit.” USSG § 2G2.2, comment, (n.l) (emphasis added).
The government’s position, as articulated in this case, seems to be that if a defendant installs a file-sharing software program on his computer, knows that the program allows both the distribution and the receipt of computer files, and then distributes and receives images containing child pornography through use of the software, the adjustment applies. This position admittedly finds some support in United States v. Griffin, 482 F.3d 1008, 1012-13 (8th Cir.2007). We have tried to “clarify” Griffin in United States v. Ultsch, 578 F.3d 827, 829-30 (8th Cir.2009), and United States v. Stults, 575 F.3d 834, 849 (8th Cir.2009), but probably have not sufficiently narrowed some of Griffin’s language and reasoning.
The difficulty with the government’s position is that it seems to eliminate the need for a “transaction.” If a file-sharing program allows the user to download child pornography from other computers, whether or not the user makes his own images available to other parties, then the user’s distribution is gratuitous. It is not for the receipt of a thing of value, because it is unnecessary to the receipt of a thing of value.
Other prosecutions have demonstrated that a defendant received a specific “thing of value” in exchange for the distribution of images through a file-sharing program. E.g., United States v. Geiner, 498 F.3d *468 1104, 1111 (10th Cir.2007); United States v. Rogers, 666 F.Supp.2d 148, 153-54 (D.Me.2009) (collecting cases). But simply showing that a defendant made images available to others through a file-sharing software program and downloaded images from others through the same program, with knowledge that the software allowed such distribution and receipt, is a tenuous basis on which to urge the application of § 2G2.2(b)(3).