**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued October 2, 2012
Decided October 10, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-1411

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-Cr-93 |
| JEREMY MAKYLE MCINTYRE, *Defendant-Appellant*. | Rudolph T. Randa, *Judge.* |

**O R D E R**

Jeremy McIntyre pleaded guilty to possessing and intending to distribute crack cocaine and other controlled substances (not including heroin, however—a clerical error in the judgment names heroin as the controlled substance involved in the case, but the error had no effect on the sentence). He was sentenced to 48 months in prison, and appeals, challenging the sentence. On the basis of the drug equivalency tables (see U.S.S.G. § 2D1.1, Application Note 10), which equate 1 gram of crack to just under 18 grams of cocaine the defendant's guidelines range was 63 to 78 months. The defendant argued in his sentencing memorandum that the "sentencing disparity between sentences for crack

compared to powder cocaine" in the guidelines is "not supported by the relative harm-fulness of crack and powder cocaine" and asked the judge to sentence him to 21 months in prison—a sentence that would have been within the guidelines range if the guide-lines used a 1:1 crack to powder ratio instead of the 18:1 ratio in the guidelines. (The 1:1 ratio would have made his guidelines range 21 to 27 months.)

The prosecutor responded that Congress, given its ability to collect and analyze data, had a "policy making perspective" superior to judges and just recently established the 18:1 ratio in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. In response the defendant's lawyer reminded the judge that a sentencing judge is free to "impose a sentence in accordance with what it believes should be an appropriate treat-ment of crack and powder," *Kimbrough v. United States*, 552 U.S. 85, 110 (2007), provided of course that it is within the statutory sentencing range.

The judge declined to second guess Congress's decision to fix the ratio of crack to powder cocaine at 18:1:

> And relative to the Fair Sentencing Act of 2010 and 2011, and the amendments, as the Court has stated countless times it's not its job to second guess Congress. They author a law, and the Court has to follow the law. It's very dangerous institutionally for the Court to cross over and say well, you know, I don't like their reasoning in passing this law. I think it was politically expedient. It's very dangerous when you say, well, this is the law, but it was passed un-der—in a context of political expediency, therefore I don't have to follow it. I mean, that's pretty dangerous stuff, in my opinion. As far as observing the sepa-ration of powers. And the degree of in-put that a Court should have relative to the Legislative process. And some people would argue that 100-to-1 ratio should have remained the same. But it's not for me to argue that. It's what the Congress decides. I mean, you look at this bill and say well, it's political expediency. Take a look at the health care bill. 2,200 pages. Nobody knows what's in it. Talk about political expediency. Passed without the help of the other party at midnight? But it's the law, and if it was here, and I was told to enforce it, I'd have to enforce it. . . . I don't want to get political here, and I'm not. It's just that when you go to this political expediency comment, I mean, you just can't do that. There's many op-portunities to do that, and the Judges aren't supposed to do that.

> So arguments can be made both ways. But the Court still has to consider that Congress has got an 18-to-1 ratio, and that's the way to consider it, and that's why the guidelines are structured the way they are. So it's a serious offense from that point of view.

Later the prosecutor, doubtless concerned that the judge's words might be taken to deny discretion to give a sentence below the guidelines range, a range based on the 18:1 ratio, asked "for an explicit clarification. Obviously the Defendant made the ratio argument advocating a 1-to-1, as opposed to an 18-to-1. The Court rejected that. The

Court understood, obviously, that it has the discretion, still, even after the Fair Sentencing Act, to go with the 1-to-1 if it chose to, is that correct?" The Court replied: "Yes, it is. But this is the recommendation of the Congress, which the Court has, as indicated in its other positions in line with the sentencing guidelines—even though they're advisory, gives it great weight. And as I said earlier, there are some people that argue that 100-to-1 ratio should be the ratio. I'm not going to draw any opinion as to that. But if it was, the court would also take that into account. But it's taking into account the 18-to-1 ratio, giving it great weight, but the Court's reduction in sentence occurs because of its evaluation of the degree of cooperation that [the defendant] rendered." (The sentence the judge gave, 48 months, was below the 63-month bottom of the applicable guidelines range.)

We would have to remand if the judge had treated the guidelines as mandatory. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 530 F.3d 565, 577 (7th Cir. 2008); *United States v. Bazazpour*, 690 F.3d 796, 803 (6th Cir. 2012). But the judge made clear that he realized he could depart; he decided not to do so, because he respects the congressional judgment in fixing the ratio at 18:1. In effect he incorporated the congressional judgment into his penal philosophy, as he was authorized to do. See *United States v. Meschino*, 643 F.3d 1025, 1030–31 (7th Cir. 2011); *United States v. Ultsch*, 578 F.3d 827, 830–31 (8th Cir. 2009**).** The case is unlike *United States v. Schmitt*, 495 F.3d 860, 864–65 (7th Cir. 2007), on which the defendant relies, because in that case, while the sentencing judge had offered a cursory acknowledgment that the guidelines are advisory, "the tenor of his remarks indicated that he felt that there was an outside constraint on his discretion that he was not free to set aside." See also *United States v. Coopman*, 602 F.3d 814, 817 (7th Cir. 2010); *United States v. Stone*, 575 F.3d 83, 96 (1st Cir. 2009). The judge in this case merely decided to give Congress's advice "great weight," which he was entitled to do.

AFFIRMED.