# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2163

_____

United States of America

*Plaintiff - Appellee*

v.

Edward S. Robertson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: December 20, 2013
Filed: March 20, 2014
[Unpublished]

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Edward S. Robertson appeals his conviction for receipt of child pornography, arguing that (1) the district court[1] erred in admitting images of child pornography into

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

evidence over his offer to stipulate thereto, (2) insufficient evidence exists to support the jury verdict, and (3) the district court abused its discretion in permitting the government to reopen its case-in-chief. We affirm.

## I. *Background*

Robertson was charged with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), based on law enforcement's discovery of child pornography on a computer that Robertson used.

Before trial, Robertson offered to "stipulate that the photos and/or videos involved persons under the age of 18 years engaging in sexually explicit conduct as defined in 18 U.S.C. [§] 2256(2) and said visual depictions being of such conduct." Additionally, he agreed to "stipulate that any person observing the images and/or videos would know that the persons depicted were under the age of 18." The government objected, arguing that the court should permit it to proceed with its limited approach to the evidence. Specifically, the government noted that it "limited the impact [of the images] by using . . . two by three-and-a-half inch photos" contained in notebooks for each juror. According to the government, this approach "allow[ed] the [computer forensics expert] to testify to each image, when it was created, [and] when it was last accessed," while the jurors "follow[ed] along." The government asserted that such evidence was "compelling" on the element of Robertson's knowledge and was "not so prejudicial as to affect the rights of the defendant to a fair trial." The government represented that it was not showing the video to the jury; instead, an agent would testify about its content.

The district court denied Robertson's motion in limine, stating:

> There is a reference in the [*United States v.*] *Sewell* decision, 457 F.3d 841[(8th Cir. 2006)], at the end to Sewell's refusal to stipulate to

each of the relevant elements of the offenses, which is somewhat confusing to me; but I think the [*United States v.*] *McCourt* decision from the Eighth Circuit Court of Appeals, 468 F.3d 1088 [(8th Cir. 2006)], makes it clear here that outside the context of stipulating to a criminal conviction, *Old Chief* [*v. United States*, 519 U.S. 172 (1997),] doesn't control this situation and the government should be permitted to present its case without being forced to the stipulation. So the defendant's motion in limine is denied.

(Emphases added.)

During trial, the government introduced the images into evidence as "Exhibits 4 through 21" over Robertson's objection. In addition to introducing the exhibits, the government presented several agents who testified that the images found on the computer were "child pornography." Special Agent Reinaldo Hernandez of the Department of Homeland Security Investigations confirmed that Exhibits 4 through 21 were images constituting "child pornography."

Special Agent Robert Larsen of the Iowa Department of Public Safety, Division of Criminal Investigation, testified that the file list that he downloaded from Robertson's IP address contained "child pornography."

Finally, Special Agent Douglas Joseph Reisz of the Homeland Security Investigations in Omaha, Nebraska, testified that Robertson admitted to "accidentally" downloading an image of child pornography. According to Special Agent Reisz, the image that Robertson admitted to downloading "accidentally" was of an 11 year old. Special Agent Reisz then stated that the agents "advised [Robertson] that there was [sic] current downloads at [his] residence with child pornography"; in response, Robertson "stated that he had downloaded child pornography, but it was an attempt to catch these people." According to Special Agent Reisz, when he asked Robertson "how many images he had on the computer

that would be classified as child pornography," Robertson replied that "he believed there would probably be 50 images on the computer ranging between ages of 10 and 13 years old."

After resting, but before Robertson presented his case-in-chief, the government requested that the court permit it "to reopen its case[-]in[-]chief and recall Special Agent Doug Reisz for approximately two to three questions" so that Special Agent Reisz could "identify the defendant as the person he was talking to on March 24th when he received the statements about Exhibits 4 through 21." Robertson objected, arguing that the government had the opportunity to present its entire case and had rested. Robertson asserted that insufficient evidence existed to support a conviction. The court overruled Robertson's objection, stating:

> The government has rested, meaning it concluded the presentation of its evidence. However, this case is not like a bank robbery where identity is established through a fleeting glimpse by a teller or a patron of a bank and the bank robber wore a mask or some other thing like that.
>
> Identity really isn't one of the critical issues of this case. I see it more as an oversight and I don't see any prejudice to the defendant at this stage of the proceeding to not permit the government to reopen. I exercise my discretion to permit the government to reopen its case for that limited purpose.

Thereafter, Special Agent Reisz identified Robertson as the individual that he spoke with on March 24, 2009.

The jury found Robertson guilty of both counts. At sentencing, the government requested, and the court granted, a motion to dismiss the possession count as a lesser included offense of the receipt count. The court sentenced Robertson to 85 months' imprisonment.

-4-

## II. *Discussion*

On appeal, Robertson argues that (1) the district court erred in admitting images of child pornography into evidence over his offer to stipulate thereto; (2) insufficient evidence exists to support the jury verdict; and (3) the district court abused its discretion in permitting the government to reopen its case-in-chief.

## A. *Stipulation*

Robertson asserts that the district court erroneously permitted the jury to view the alleged images of child pornography at trial "despite his willingness to stipulate that they contained child pornography." *See United States v. Worthey*, 716 F.3d 1107, 1114 (8th Cir. 2013) (involving defendant who argued that district court erroneously allowed "the government to play the video clips containing child pornography at trial despite his willingness to stipulate that they contained child pornography"). According to Robertson, because of the images' graphic nature, the danger of unfair prejudice substantially outweighed the probative value under Federal Rule of Evidence 403.

"We review the district court's evidentiary ruling for an abuse of discretion." *Id*. (citing *Sewell*, 457 F.3d at 843).

To the extent that Robertson argues that *Old Chief*[2] mandated exclusion of the images in light of his proposed stipulation, Robertson's argument is foreclosed by *Worthey*. *See Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."). In

[2]"In *Old Chief*, the Supreme Court held that the defendant's stipulation to a prior felony to establish his status as a felon, which was an element of the charged offense, was sufficient to preclude the Government from offering additional evidence on this point." *McCourt*, 468 F.3d at 1091 (citing *Old Chief*, 519 U.S. at 191). But *Old Chief*'s holding is "expressly limited . . . to cases where 'proof of convict status is at issue.'" *Id*. (quoting *Old Chief*, 519 U.S. at 192).

*Worthey*, we rejected the defendant's argument that the district court should have excluded video clips containing child pornography under *Old Chief* in light of the defendant's proposed stipulation. 716 F.3d at 1114. The defendant's "*Old Chief* argument [was] foreclosed by *United States v. McCourt*, 468 F.3d 1088, 1091–92 (8th Cir. 2006), in which we held that *Old Chief* did not prohibit publication of child pornography video clips to the jury over the defendant's offer to stipulate to their content." *Id*. (citing also *Sewell*, 457 F.3d at 844 (explaining that "the government is entitled to prove its case by evidence of its own choice and is not required to accept the offer [to stipulate]"); *United States v. Becht*, 267 F.3d 767, 774 (8th Cir. 2001) (similar)).

Second, we reject Robertson's argument that the district court abused its discretion in admitting the images. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by [, among other things,] . . . unfair prejudice."

Here, "the probative value of [Exhibits 4 through 21] was high." *See Becht*, 267 F.3d at 774. The government sought to introduce the images to establish Robertson's knowledge, i.e., "that [Robertson] would have known the images were child pornography." *See id*. The government "took pains to limit the prejudicial effect of the images," *see id*., by using two by three-and-a-half inch photos contained in a notebook; and, the government did not show the video to the jury but instead had the agent testify as to its content. Moreover, "the images at issue were still photos. Several courts . . . have found that admission of still images of child pornography does not rise to the level of unfair prejudice." *Id*. (citing *United States v. Hay*, 231 F.3d 630, 638–39 (9th Cir. 2000); *United States v. Campos*, 221 F.3d 1143, 1148–49 (10th Cir. 2000); *United States v. Merino–Balderrama*, 146 F.3d 758, 762–63 (9th Cir. 1998); *United States v. Dean*, 135 F. Supp. 2d 207, 209–11 (D. Me. 2001)).

For these reasons, we conclude that the district court did not abuse its discretion in admitting the images.

B. *Sufficiency of the Evidence*

Robertson argues that insufficient evidence exists that he received images of "minors" involved in sexually explicit conduct because the government did not call any witnesses or produce any substantive evidence regarding how old the participants in the video and images were.

"The elements of receipt under 18 U.S.C. § 2252(a)(2) require the defendant to knowingly receive an item of child pornography, and the item to be transported in interstate or foreign commerce." *United States v. White*, 506 F.3d 635, 641 (8th Cir. 2007). Robertson argues that insufficient evidence exists that the images and video were of "minors." "The term 'minor' is defined by 18 U.S.C. § 2256(1) as 'any person under the age of eighteen years.'" *United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2014).

"We have previously upheld convictions under [§ 2252(a)] where . . . the images themselves were the only evidence presented by the government on the issue but were found sufficient." *United States v. Koch*, 625 F.3d 470, 479 (8th Cir. 2010) (rejecting the defendant's argument "that the government failed to provide sufficient evidence that the pornographic images on the computer and flash drive involved actual minors") (citing *United States v. Vig*, 167 F.3d 443, 449–50 (8th Cir. 1999)). Here, "[t]he images were viewed by the jury which was in a position to draw its own independent conclusion as to whether [minors] were depicted." *Vig*, 167 F.3d at 449 (citing *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (finding sufficient evidence that subjects of video were, in fact, under the age of 18 when, among other things, the jury viewed the videotape and could draw its own conclusions as to the subjects' age)). Additionally, several agents testified to the images found on the computer as being "child pornography," and Robertson admitted

to the agents that he "accidentally" downloaded "child pornography." Therefore, sufficient evidence exists that the participants involved were "minors."

## C. *Reopening of Case-in-Chief*

Robertson contends that the district court abused its discretion in permitting the government to reopen its case-in-chief to establish identity after it had rested and he had moved for judgment of acquittal.

> A trial court may permit either side to reopen its case[-]in[-]chief, *see United States v. Blum*, 65 F.3d 1436, 1444 (8th Cir. 1995), and we have previously characterized the discretion it exercises in doing so as "wide." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002). Where the government has been allowed to reopen, the factors to be considered in reviewing that decision include whether the new evidence caused surprise to the defendant, whether the defendant was given adequate opportunity to rebut the new evidence, and whether the evidence was more detrimental to the defendant than it otherwise might have been because of the order in which it was presented. *United States v. Rouse*, 111 F.3d 561, 573 (8th Cir. 1997) (internal quotations omitted).

*United States v. Boone*, 437 F.3d 829, 836–37 (8th Cir. 2006).

We hold that the district court did not abuse its "wide" discretion in permitting the government to reopen its case-in-chief for the limited purpose of establishing identity. In overruling Robertson's objection, the district court pointed out that "[i]dentity really [was not] one of the critical issues of this case." Furthermore, as the government notes, the district court allowed the government to reopen its case-in-chief *immediately* after the government had rested. Robertson had the opportunity to cross examine Special Agent Reisz upon the reopening but declined. Robertson never recalled Special Agent Reisz or put on rebuttal evidence. Finally, assuming that an error occurred, it was harmless because two other witnesses—Anthony Lane and

Laura Lane—had already identified Robertson. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____