PER CURIAM.
William Litz appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Litz raised four grounds of ineffective assistance of trial counsel in his motion. However, he claims only ground three constitutes error in his pro se brief. Therefore, he has abandoned the other grounds alleged in his motion. See Ward v. State, 19 So.3d 1060, 1061 (Fla. 5th DCA 2009).
In ground three, Litz alleged that his trial counsel was ineffective for failing to file a motion to suppress the warrantless tracking of a cell phone that was used in the crimes. The trial court denied this ground, concluding that Litz lacked standing to challenge the cell phone tracking because the cell phone did not belong to him.
The records attached to the order denying Litz's motion do not conclusively demonstrate that Litz lacked standing. See, e.g., United States v. Stringer, 739 F.3d 391, 396 (8th Cir. 2014) ("Stringer makes no argument that he has a reasonable expectation of privacy in the contents of G.R.'s cell phone, so he may not challenge the seizure of evidence from that device."). It is unclear from the record attachments whether Litz had a reasonable expectation of privacy in the tracked cell phone, thereby giving him standing to seek its suppression. Hence, we reverse and remand for attachments of portions of the record that conclusively refute ground three or an evidentiary hearing.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER, BERGER and EISNAUGLE, JJ., concur.